UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Vickie Fryer
and Dan Fryer,

      Plaintiffs,

-V-                                    Case No. 2:07-cv-00593
                                       Judge Michael H. Watson

Ron Wager
and Bantz, Gosch & Cremer, LCC,

      Defendants.

## ORDER

Plaintiffs in this diversity action seek damages for alleged legal malpractice which occurred in South Dakota. This matter is before the Court on defendants' motion to dismiss for lack of personal jurisdiction (Doc. 10).

On July 2, 2008, the U.S. Magistrate Judge issued a comprehensive report and recommendation addressing defendants' motion to dismiss (Doc. 17). The Magistrate Judge reached two conclusions. First, the Magistrate Judge found that Ohio's long-arm statute did not confer jurisdiction over defendants. Second, the Magistrate Judge recommended that this action be transferred to South Dakota rather than dismissed, so as to prevent hardship to plaintiffs.

Defendants argue plaintiffs' objections are untimely. The Magistrate Judge issued his report and recommendation on July 2, 2008. The report and recommendation contained standard language informing plaintiffs of their right to object

within ten days, and warning plaintiffs that their failure to do so would result in the waiver of their right to *de novo* review by the District Judge. Plaintiffs filed their objections to the Magistrate Judge's report and recommendation on July 21, 2008. In calculating when the objections were due, the Court excludes three days for mail time, holidays, and weekends. *See* Fed. R. Civ. P. 6(a), (d). In this case, the deadline for filing objections was July 22, 2008. Plaintiffs' objections are therefore timely. As a result, the Court will review *de novo* those portions of the Magistrate Judge's disposition to which plaintiffs object.

Plaintiffs argue the Magistrate Judge failed to give sufficient weight to state court decisions which have held Ohio's long-arm statute confers jurisdiction over out-of-state attorneys who provide legal services to Ohio-based clients. *See, e.g., Ucker v. Taylor,* 72 Ohio App. 3d 777 (10 Dist. 1991). *Ucker* involved a lawsuit to collect fees from an out-of-state attorney who engaged the plaintiff as an expert witness. The defendant in *Ucker* traveled to Ohio to participate in the plaintiff's deposition. The court in *Ucker* found the defendant had practiced law in Ohio, and was therefore subject to the court's jurisdiction. 72 Ohio App. 3d at 780.

In the instant case, plaintiffs discovered defendants' law firm from defendants' website and initiated contact with defendants by leaving a telephone message at defendants' office. Defendants did not engage in the practice of law in Ohio, never solicited business in Ohio, and never entered Ohio. Defendants performed legal work for plaintiffs entirely within South Dakota, and only engaged in long-distance correspondence with plaintiffs. The only other possible link to Ohio was defendant law firms national website, which is not specifically targeted to Ohio residents.

In light of these facts, the Court concludes the Magistrate Judge correctly distinguished *Ucker* and the other authorities upon which plaintiffs rely. The Court further agrees with the Magistrate Judge that the facts of this case do not establish jurisdiction over defendants under Ohio's long-arm statute, Ohio Rev. Code § 2307.382.

Neither party objects to the Magistrate Judge's recommendation that this case should be transferred to South Dakota rather than dismissed.

For the reasons stated above, the Court **OVERRULES** plaintiffs' objections, **ADOPTS** the Magistrate Judge's July 2, 2008 report and recommendation in its entirety, and **GRANTS** defendants' motion to dismiss (Doc. 10) to the extent this action will be transferred to the Northern District of South Dakota.

Accordingly, the Clerk shall **TRANSFER** this action to the United States District Court for the Northern District of South Dakota.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**